ACCEPTED
15-25-00136-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
8/15/2025 1:44 PM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00136-CV

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
8/15/2025 1:44:07 PM
CHRISTOPHER A. PRINE
Clerk

# In the Fifteenth Court of Appeals
# Austin, Texas

## IN RE SILVER STAR PROPERTIES REIT, INC., *et al.*

### *Relators.*

Original Proceeding from the Texas Business Court—Eighth Division
Business Court Cause No. 25-BC08B-0016

## OPPOSITION TO RELATORS' MOTION FOR EMERGENCY STAY

**TO THE HONORABLE FIFTEENTH COURT:**

Real Parties in Interest/Defendants BSPRT CRE Finance, LLC, FBRED BDC Finance, LLC, and BSPRT CS Loan, LLC ("***BSP***" or "***Real Parties***") oppose the Emergency Motion For Stay ("***Motion***") filed by Relators/Plaintiffs Silver Star Properties REIT, Inc., Silver Star CRE, LLC, Silver Star CRE II, LLC, and Silver Star Delray, LLC ("***Silver Star***" or "***Relators***") because it is procedurally defective and inequitably prejudicial to BSP. This Court should deny Silver Star's Motion.

## I. INTRODUCTION & BACKGROUND

This is an appeal from an interlocutory order denying Silver Star's Motion for Expedited Remand challenging the Business Court's jurisdiction to preside over the instant matter. (1 App. at 1-2). The Business Court's order was "<u>without prejudice</u> to Silver Star's right to file a *renewed* motion to remand under a standard briefing schedule." (*Id.*) (emphasis added).

Silver Star sought an expedited remand, which is an extraordinary remedy only appropriate where the business court is satisfied there is no colorable basis for jurisdiction. (1 App. at 2). The business court found that by Silver Star's own allegations, it was far from clear that jurisdiction was lacking and that substantial questions warranted full briefing. (*Id.*).

This dispute involves a total of $193,280,000.00 across three separate loans: the Exit Facility, the Walgreens Loan, and the Delray Loan and whether Silver Star has adequately complied with the terms of those loans and whether actions taken by BSP were proper and lawful. (3 App. at 1-27). Importantly, Silver Star's core complaints involve the Walgreens Loan.

On July 14, 2025, the 17th District Court for Tarrant County (as visiting Judge for the 48th District Court) denied Silver Star's initial attempt at an Emergency Temporary Restraining Order. (4 App. at 1).

On August 1, Silver Star filed its First Amended Petition and again sought an emergency temporary restraining order, on essentially the same basis as had been previously denied.

On August 4, the 48th District Court for Tarrant County, Texas heard Silver Star's emergency request for temporary relief and this time partially granted the requested relief, entering a Temporary Restraining Order that was to expire on August 18. (7 App. at 1).

On August 8, BSP timely filed its Notice of Removal to the Business Court of Texas. (10 App. at 1-5).

On August 11, without first requesting from BSP a meet and confer as is required by Section 5(f) of the BCLR, Silver Star filed its Second Amended Petition and also its Motion for Expedited Remand seeking for the Business Court to send this matter back to the 48th District Court. The same day, the Business Court denied the requested expedited remand, without prejudice, observing that such relief is an "extraordinary remedy, appropriate—if ever—only where the Court is satisfied there is no colorable basis for jurisdiction. That is not the case here." (1 App. at 2).

On August 12, Silver Star agreed to set the Second Amended Application for Temporary Injunction for hearing on August 20 before the Texas Business Court. (8 App. at 1).

And now on August 14, Silver Star files the instant Petition for Writ of Mandamus and seeks an "emergency" stay on its own request for injunctive relief which itself is predicated on avoiding some alleged emergent harm. In other words, Silver Star is representing to the trial court imminent irreparable harm exists needing immediate relief while simultaneously requesting this Court stay the very relief they seek to remedy the alleged emergency. These positions are obviously contradictory and exposes the lack of merit for the relief sought by Silver Star in the first place.

Silver Star's litigation tactics are increasingly chaotic and self-contradicting. As a preliminary matter, Silver Star's request to stay its own injunction proceedings is indicative of the fact that there really is no emergent and irreparable harm to be addressed. A party making such allegations truthfully does not seek to stay its own proceedings on the eve of trail.

Moreover, the Motion and Petition for Writ of Mandamus themselves are procedurally improper. Silver Star did not confer in any real sense of the word with BSP. On August 15, Counsel for Relator sent an email to only Jacob Sparks (one of three attorneys appearing) at 9:45 a.m. *See* Affidavit of Brent T. Buyse ("***Buyse Aff.***") at ¶ 6-9; *see also* Ex. 1. Mr. Sparks has an automated out-of-office response indicating his inaccessibility. *Id.* at ¶ 7. Despite this automated response, and without attempting to reach any other attorney, Silver Star filed the instant Motion just 45 minutes later. *Id.* at ¶ 8-9. Consistent with Silver Star's pattern of disregarding

proper procedure, the Petition for Writ of Mandamus improperly attempts to appeal the Business Court's order denying their expedited motion for remand while ignoring the Business Court's instruction that Silver Star was permitted to re-file the same motion but under a standard briefing scheduling. There is no basis for a stay, and the Motion should be denied.

## II.    ARGUMENT & AUTHORITIES

Although the Court may grant temporary relief pending its determination of an original proceeding under the authority of the Texas Rule of Appellate Procedure 52.10(b), the Court should not do so in this case.

To be afforded a stay, the party seeking relief must timely pursue its rights in both the trial court and the court of appeals. *In re LCS SP, LLC*, 640 S.W.3d 848, 856 n.39 (Tex. 2022). The Court should refuse to issue a stay because Silver Star failed to pursue its rights in the Business Court by seeking remand under a standard briefing schedule, which the Business Court specifically invited them to do in its order ("[T]he court **denies** the Motion **without prejudice** to Plaintiff's right to file a renewed motion for remand under a standard briefing schedule.")  (1 App. at 2) (emphasis in original).  Silver Star never bothered to do so.

In order to circumvent the Business Court's order, Silver Star petitions this Court for a Writ of Mandamus. But mandamus is meant for circumstances "involving manifest and urgent necessity and not for grievances that may be

addressed by other remedies." *In re Murrin Bros. 1885, Ltd.*, 603 S.W.3d 53, 57 (Tex. 2019) (orig. proceeding). Such circumstance does not exist here. Silver Star's most immediate remedy is to follow the Business Court's order by renewing the motion for remand under a standard briefing schedule. Silver Star elected not do so.

Moreover, a stay pending appeal is a creature of equity, and a court asked to issue one may take into account other case-specific equitable considerations that bear on its exercise of discretion. *In re State*, 711 S.W.3d 641, 645–46 (Tex. 2024); *see also In re Gamble*, 71 S.W.3d 313, 317 (Tex. 2002) (noting that courts exercising equity jurisdiction must "among other things, balance competing equities"). The applicant for a stay pending appeal should be expected to show that he will suffer irreparable harm if relief is not granted. *Id.* Courts must likewise consider the harm that other parties or the public will suffer if relief is granted—as well as any potential injury to non-parties caused by granting or denying relief. *Id.* The equitable balancing of these harms is a required aspect of a court's effort to preserve the parties' rights pending appeal. *Id.* (citing *Huynh v. Blanchard*, 694 S.W.3d 648, 687-90 (Tex. June 7, 2024)).

Silver Star did not meet this burden. Silver Star is seeking emergency equitable relief to address some purported emergent irreparable harm that clearly does not exist. There is no emergency; Silver Star could still avail itself of a jurisdictional challenge, but it must do so by filing a renewed motion before the

Business Court upon a standard briefing schedule. To the contrary, requiring Silver Star to proceed on its application for injunctive relief on the date agreed to by Silver Star could not be prejudicial to Silver Star. Indeed, if Silver Star does not want its application for injunction to be heard, it can achieve this result by simply withdrawing its application or taking down its hearing.

Separately, staying this action will undoubtedly harm BSP. Silver Star has made a number of spurious claims against BSP that need to be defended. BSP has expended substantial amount of time and resources preparing for the temporary injunction hearing, which is now on its second setting for August 20, in order to demonstrate to the Business Court that BSP at all times acted in compliance with its rights under the parties' contracts. *See* Buyse Aff. at ¶ 3. BSP's president and head of real estate has cleared his day on August 20 to travel to Fort Worth, Texas from out of state and appear in person before the Business Court and defend these allegations. *Id*. at ¶ 4. BSP takes seriously the allegations leveled by Silver Star and is making available a high-level executive to testify in person. Staying the hearing in Business Court at this late date disregards the resources that BSP has put into responding to Silver Star's purported emergent relief and will further disrupt the calendars and resources of individuals and entities who have taken the allegations seriously and devoted significant time to their response. *Id*. at ¶ 5.

Moreover, while BSP's witness has made himself available to testify on

August 20, he is leaving the country on August 22 and not returning until after September 2. *Id.* at ¶ 4. If the relief sought by Silver Star is truly emergent and necessary to avoid irreparable harm, it must be heard as scheduled on August 20.

Furthermore, the primary loan in dispute, the Walgreens Loan, matured as of August 9. (3 App. at 9; 4 App. at 13). As a result, there can be no dispute that Silver Star is in default of its obligations under the Walgreens Loan, affording BSP all remedies under its loan documents, including foreclosure. BSP has commenced the foreclosure process of the collateral for the Walgreens Loan, having noticed and posted foreclosure of five office properties in Texas for September 2, and is in process of foreclosing the remaining sixteen Walgreens properties for foreclosure in accordance with the laws of their respective states. Any harm that Silver Star has alleged with respect to these properties is now moot, as the properties will shortly be foreclosed unless Silver Star repays the matured Walgreens Loan in full.

Moreover, in accordance with the Temporary Restraining Order, as of the date hereof, BSP has disbursed to Silver Star a total of $1,102,489.38 to avoid alleged immediate and irreparable harm to Silver Star. Incredibly, as of today, Silver Star has reported spending a total of only $14,122.30. Silver Star remains in possession of over $1 million of cash obtained under a loan now post-maturity, while at the same time seeking to stay further proceedings.

Silver Star's position is untenable, and if granted, the result would be grossly

inequitable. Silver Star's behavior belies its prior declarations of emergency. The hearing set for August 20, in which BSP has invested significant resources to prepare and make witnesses available, should proceed as scheduled. The Motion should be denied.

### III.   CONCLUSION

Not only did Relators fail to exercise their rights to appropriately challenge the Business Court's jurisdiction by filing a motion upon a standard briefing schedule with the Business Court, Relators also fail to carry their burden and are unable to show irreparable harm. The balance of equity for Silver Star's requested stay would result in significant prejudice and unjustifiable harm to BSP.

Silver Star's litigation tactics are increasingly more erratic and counterproductive. Now that the primary loan at issue has matured, Silver Star's substantive position is moot. In the interests of justice, the Business Court should hear the application as noticed and Silver Star should be required to follow the instructions of the Business Court by filing a challenge to removal under a standard briefing schedule. There is absolutely no emergency or threat of irreparable harm. There is only improper procedural gamesmanship by Silver Star. This Court should deny Silver Star's request for a stay.

## IV. PRAYER

For these reasons, Real Parties in Interest asks the Court to deny Relators' Motion for Emergency Stay. In the alternative, Real Parties in Interest asks the Court to require Relators to post a bond in the amount of $1,500,000, which is the maximum amount that BSP was ordered to disburse to Silver Star upon its request under the Temporary Restraining Order, as a condition of granting the Motion for Emergency Stay.

Respectfully submitted,

*/s/ Brent Buyse*

**JACOB SPARKS**
Texas Bar No. 24066126
Email:  Jacob.Sparks@NelsonMullins.com
**BRENT T. BUYSE**
Texas Bar No. 24105567
Email: Brent.Buyse@NelsonMullins.com
**XENNA K. DAVIS**
Texas Bar No. 24132037
Email:  Xenna.Davis@NelsonMullins.com
**NELSON MULLINS**
**RILEY & SCARBOROUGH, LLP**
5830 Granite Parkway, Suite 1000
Plano, Texas 75024
Tel: (469) 484-4962
Fax: (469) 828-7217

*Counsel for Real Parties in Interest*
*BSPRT CRE Finance LLC, FBRED BDC*
*Finance LLC, and BSPRT CS Loan LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 15, 2025, a true and correct copy of the foregoing instrument has been served upon the following counsel of record via electronic service:

Walter L. Taylor
Texas Bar No. 19727030
TAYLOR LAW FIRM
6630 Colleyville Blvd., Suite 200
Colleyville, Texas 76034
Tel.: (817) 770-4343
Tel.: (512) 474-6600
Fax: (512) 474-6700
Email:taylorlawfirmdfw@gmail.com

*Counsel for Relators*

Hon. Brian Stagner
Judge Presiding
TEXAS BUSINESS COURT
Eighth Division
1515 Commerce St., Suite 170
Fort Worth, Texas 76102
Tel.: (817) 618-9028
Email: BCDivision8B@txcourts.gov

*Respondent*

*/s/ Brent Buyse*
**BRENT T. BUYSE**

# In the Fifteenth Court of Appeals
# Austin, Texas

## IN RE SILVER STAR PROPERTIES REIT, INC., *et al.*

### *Relators.*

Original Proceeding from the Texas Business Court—Eighth Division
Business Court Cause No. 25-BC08B-0016

## AFFIDAVIT OF BRENT T. BUYSE

STATE OF TEXAS          §
                        §
COUNTY OF DALLAS        §

Before me, the undersigned notary, on this day personally appeared Brent Buyse, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

1.      My name is Brent Buyse. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2.      I am counsel of record for Real Parties in Interest in the above captioned matter along with Jacob Sparks and Xenna Davis.

3.     Since August 7, 2025, counsel for Real Parties and Interest and the corporate representatives have been diligently preparing for the hearing on Relators' Application for Temporary Injunction. This preparation has involved combined well over 100 hours of legal research, drafting, factual analysis, witness preparation, and exhibit preparation.

4.     The corporate representative, who is the president and head of real estate, has rearranged his personal and professional schedule to be present at the hearing scheduled for August 20. He is scheduled to be out of the country beginning August 22 and will not return until September 2.

5.     The August 20 setting is the second setting for Relators' application. Both settings have required substantial preparation in advance as described above. Real Parties in Interest will be prejudiced even further than they already have been by postponing the hearing, incurring even more preparation and organization time, and costs incurred with logistics and precious attention away from the business.

6.     On April 15, 2025, Walter Taylor, who I know to be counsel for Relators, sent an email to Jacob Sparks at 9:45 a.m. That inquired as to whether Real Parties in Interest opposed Relators' request to a stay of the proceedings in the Business Court. Neither myself nor Ms. Davis were copied to that email. A true and correct copy of the email is attached hereto as Ex. 1.

**7.** Mr. Sparks is currently out of the office and has an automatic "out-of-office" reply. Undoubtedly, Mr. Taylor received the automated reply.

**8.** Mr. Taylor never contacted me or Ms. Davis in an attempt to confer prior to filing Relators' Emergency Motion for Stay.

**9.** The Emergency Motion for Stay was then filed approximately forty-five minutes later at 10:30 a.m. Counsel for Real Parties in Interest were surprised by this filing without conference.

_____
**BRENT T. BUYSE**

SWORN TO AND SUBSCRIBED before me on August 15, 2025.

_____
Notary Public

Name: _SHELIA K. SHAFER_

My commission expires: _7-5-2026_

SHELIA K SHAFER
Notary ID #8191878
My Commission Expires
July 5, 2026

**Exhibit 1**

**Brent Buyse**

| | |
|---|---|
| **From:** | Walt Taylor <taylorlawfirmdfw@gmail.com> |
| **Sent:** | Friday, August 15, 2025 09:45 |
| **To:** | Jacob Sparks |
| **Subject:** | Re: Petition for Writ of Mandamus; Fifteenth Court of Appeals |

**External Source/Sender notice**
Use caution responding or clicking links/attachments.

Report Suspicious

Jacob,

Do you agree to or oppose a stay of the proceedings in the business court pending the Fifteenth Court of Appeals' reveiw of the Petition for Writ of Mandamus?

I should be filing by 10:30-11, so if you could let me know by then I'd surely be grateful.

Thanks,
Walt

_____

**Walter L. Taylor**

Taylor Law Firm

6630 Colleyville Blvd., Ste. 200

Colleyville, Texas 76034

P: (817) 770-4343

P: (512) 474-6600

F: (512) 474-6700

taylorlawfirmdfw@gmail.com

taylorlawfirmatx@gmail.com

Also Of Counsel With:

1

**Hart Law Firm, PLLC**

*WTaylor@thehartlawfirm.com*

www.thehartlawfirm.com





**CONFIDENTIALITY NOTICE:**
"The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited."

On Thu, Aug 14, 2025 at 1:43 PM Walt Taylor <taylorlawfirmdfw@gmail.com> wrote:
Jacob,

FYI - I've filed the attached Petition for a Writ of Mandamus at the Fifteenth Court on the jurisdictional issue.

Just as a heads up, either this evening or tomorrow morning I'll be filing an emergency motion to stay the August 20, 2025, hearing pending the Fifteenth Court of Appeals' ruling on the Petition.

Best regards,
Walt

_____

**Walter L. Taylor**

Taylor Law Firm

6630 Colleyville Blvd., Ste. 200

Colleyville, Texas 76034

P: (817) 770-4343

P: (512) 474-6600

F: (512) 474-6700

*taylorlawfirmdfw@gmail.com*

*taylorlawfirmatx@gmail.com*

Also Of Counsel With:

**Hart Law Firm, PLLC**

*WTaylor@thehartlawfirm.com*

www.thehartlawfirm.com





**CONFIDENTIALITY NOTICE:**
"The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited."

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Docketing DFW on behalf of Brent Buyse
Bar No. 24105567
docketing.dfw@nelsonmullins.com
Envelope ID: 104439585
Filing Code Description: Response
Filing Description: Opposition to Relators' Motion for Emergency Stay
Status as of 8/15/2025 1:46 PM CST

Associated Case Party: Silver Star Properties REIT, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Walter Taylor | | taylorlawfirmdfw@gmail.com | 8/15/2025 1:44:07 PM | SENT |

Associated Case Party: Silver Star CRE, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Walter Taylor | | taylorlawfirmdfw@gmail.com | 8/15/2025 1:44:07 PM | SENT |

Associated Case Party: Silver Star CRE II, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Walter Taylor | | taylorlawfirmdfw@gmail.com | 8/15/2025 1:44:07 PM | SENT |

Associated Case Party: Silver Star Delray, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Walter Taylor | | taylorlawfirmdfw@gmail.com | 8/15/2025 1:44:07 PM | SENT |

Associated Case Party: BSPRT CRE Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Xenna Davis | | Xenna.Davis@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |
| Brent Buyse | | Brent.Buyse@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |
| Jacob Sparks | | Jacob.Sparks@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |

Associated Case Party: FBRED BDC Finance, LLC

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Docketing DFW on behalf of Brent Buyse
Bar No. 24105567
docketing.dfw@nelsonmullins.com
Envelope ID: 104439585
Filing Code Description: Response
Filing Description: Opposition to Relators' Motion for Emergency Stay
Status as of 8/15/2025 1:46 PM CST

Associated Case Party: FBRED BDC Finance, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Xenna Davis | | Xenna.Davis@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |
| Brent Buyse | | Brent.Buyse@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |
| Jacob Sparks | | Jacob.Sparks@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |

Associated Case Party: BSPRT CS Loan, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Xenna Davis | | Xenna.Davis@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |
| Jacob Sparks | | Jacob.Sparks@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |
| Brent Buyse | | Brent.Buyse@NelsonMullins.com | 8/15/2025 1:44:07 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jessica Cannon | | jessica.cannon@nelsonmullins.com | 8/15/2025 1:44:07 PM | SENT |
| Mary Versfelt | | mary.versfelt@nelsonmullins.com | 8/15/2025 1:44:07 PM | SENT |

Associated Case Party: Hon. Brian Stagner, Judge Presiding, Texas Business Court, Eighth Division

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian Stagner | | BCDivision8B@txcourts.gov | 8/15/2025 1:44:07 PM | SENT |